**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenneth Ky DUONG, aka Seal A, Defendant–Appellant.**

No. 07–50537.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2008.*

Jan. 9, 2009.

Michael J. Raphael, Esq., Jill Therese Feeney, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary Paul Burcham, Law Office of Debra Dilorio, San Diego, CA, for Defendant–Appellant.

Before FARRIS and WARDLAW, Circuit Judges, and SCHWARZER,** District Judge.

MEMORANDUM ***

Kenneth Ky Duong appeals his sentence, following his conviction by guilty plea to one count of mail fraud, in violation of 18 U.S.C. § 1341. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court did not err by failing to give sufficient notice of its intent to depart upward from the Guidelines range because the increase was a variance under the 18 U.S.C. § 3553(a) factors not a departure from the United States Sentencing Guidelines ("Guidelines"). *See Irizarry v. United States,* —— U.S. ——, —— – ——, 128 S.Ct. 2198, 2202–03, 171 L.Ed.2d 28 (2008). The district court imposed a sentence above the Guidelines' advisory range after a full consideration of the § 3553(a) factors, such as Duong's failure to take responsibility and make restitution payments, the sophistication employed in his fraudulent scheme, and his inability to sufficiently explain where the stolen money went. *See* 18 U.S.C. § 3553(a).

Nor was Duong's sentence unreasonable. Contrary to Duong's assertion the court did not impose the higher sentence as a punitive measure for his inability to make restitution. Rather, following four warnings during the plea hearing that efforts to pay back the stolen money would be considered at sentencing, the district court determined that failure to pay even nominal sums demonstrated that Duong had "not taken any responsibility in his life." Moreover, the court sufficiently considered the relevant 18 U.S.C. § 3553(a) and mitigating factors. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc). The sentence was neither procedurally erroneous or substantively unreasonable. *See id.* at 993.

**AFFIRMED.**

---

** The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.